UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANITA FRASURE, Plaintiff,

v. Civil Action No. 3:16-cv-540-DJH

STATE FARM FIRE & CASUALTY CO., Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In October 2015, Plaintiff Anita Frasure purchased what she believed to be a homeowners insurance policy from Defendant State Farm Fire & Casualty Co. When her home was damaged by a tornado the following May, Frasure filed a claim and discovered that she had in fact been issued a renters policy. As the policy did not cover property damage, State Farm denied Frasure's claim. Frasure alleges that State Farm's actions amount to fraudulent and negligent misrepresentation. She also asserts three bad-faith claims: violations of the Kentucky Unfair Claims Settlement Practices Act and Kentucky Consumer Protection Act and breach of the covenant of good faith and fair dealing. (Docket No. 1-1) State Farm has moved to dismiss Frasure's bad-faith and fraud claims, as well as her claim for punitive damages. (D.N. 6) For the reasons discussed below, State Farm's motion will be granted.

**I.      BACKGROUND**

The following facts are set forth in the complaint and taken as true for purposes of the motion to dismiss. *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

Frasure contacted State Farm agent Mitchell Jackson's office in 2015 regarding a homeowners insurance policy for her mobile home. (D.N. 1-1, PageID # 6) In a transaction

1

conducted entirely by telephone and fax, during which the only document transmitted to Frasure was a blank signature sheet, she purchased a policy. (*Id.*, PageID # 7) After repeated requests by Frasure, Jackson's office faxed a copy of the policy declarations page to the holder of Frasure's mortgage. (*Id.*, PageID # 8) Frasure never received a copy of the policy, and the mortgage holder failed to notice that the policy was for renters insurance as opposed to homeowners insurance. (*Id.*)

In May 2016, a tornado caused wind, water, and hail damage to Frasure's home. Frasure filed an insurance claim, which State Farm denied on the ground that Frasure's policy did not cover property damage. A complaint to the Kentucky Department of Insurance went unresolved, and Frasure filed suit in Breckinridge Circuit Court. (*See* D.N. 1-1, PageID # 9) The action was removed to this Court. (D.N. 1) The same day, State Farm filed its answer to the complaint and the motion to dismiss at issue here. (D.N. 4, 6) State Farm maintains that Counts One, Two, Three, and Five of Frasure's complaint fail to state a claim upon which relief may be granted.

**II.    ANALYSIS**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading

requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679. Frasure's claims of bad faith and fraud do not meet this standard, and without them, her claim for punitive damages likewise fails.

### A. Bad Faith

Frasure alleges bad faith under the Kentucky Unfair Claims Settlement Practices Act (KUCSPA), Ky. Rev. Stat. § 304.12-230(9); the Kentucky Consumer Protection Act (KCPA), Ky. Rev. Stat. § 367.170; and Kentucky common law. (*See* D.N. 1-1, PageID # 10-12) All three claims are governed by the same three-factor test:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 197 (6th Cir. 2015) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). The first factor, obligation to pay, is not adequately pled here.

"Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). In this case, the complaint reveals no contractual obligation to pay on State Farm's part, and Frasure does not dispute that the renters policy imposes no obligation on State Farm to pay her claim. (D.N. 7, PageID # 88) Instead, she argues that the *Wittmer* test is inapplicable to the provision of the KUCSPA under which she seeks relief. (*See id.*, PageID # 86-88) That statute provides that "[i]t is an unfair claims settlement practice for any person to . . . [a]ttempt[] to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured." Ky. Rev. Stat. § 304.12-230(9). It appears that no Kentucky court has

3

addressed this subsection. However, nothing in the existing caselaw suggests that *Wittmer* would be inapplicable here.[1]

"The gravamen of the KUCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is obligated to pay." *Davidson*, 25 S.W.3d at 100. Here, Frasure does not assert that a policy covering property damage ever existed, and she admits that State Farm has no obligation under the policy that does exist.[2] (*See* D.N. 7, PageID # 88) The alleged wrongdoing occurred not as part of the claims-settlement process governed by the KUCSPA, but at the time the policy was issued. (*See* D.N. 1-1, PageID # 10 (alleging that State Farm "violated . . . [§] 304.12-230(9) by altering the terms of Ms. Frasure's application from a request for a Homeowner's Policy, and supplying her with an altered policy for Renter's coverage only")) Application of *Wittmer* would not "eviscerate" subsection (9), as Frasure contends, but rather expand the statute beyond its intended reach. Under the facts of this case, the KUCSPA simply does not apply. *See Davidson*, 25 S.W.3d at 100. And because Frasure's KCPA and common law bad-faith claims are subject to the same standard, those claims likewise fail. *See id.* Counts One, Two, and Five of the complaint will therefore be dismissed.

---

[1] The decision cited by Frasure, *Flener v. Pacific Indemnity Insurance Co.*, 267 B.R. 785 (Bankr. W.D. Ky. 2000), did not involve a claim of bad faith. In *Flener*, a bankruptcy trustee sued an insurer over a loss suffered when the debtors' home was destroyed by arson. *See id.* at 787-88. There were errors in the policy application, which was completed by the insurance agent, *see id.* at 788, but there was no allegation that the application had been altered in violation of § 304.12-230(9). Although the trustee also asserted a bad-faith claim against the insurer, the bankruptcy court addressed that claim separately. *See id.* at 799. *Flener* thus provides little guidance to the Court in this case.

[2] While the complaint contains several conclusory allegations that Frasure's application was altered, the alleged facts suggest either that the application was not completed correctly by Jackson's office or that the application was correct but a renters policy was issued by mistake. As there is nothing in the complaint indicating that an application reflecting Frasure's desire for a homeowners policy ever existed (and thus could have been altered), Frasure fails to state a claim for violation of § 304.12-230(9) on this basis as well.

B.      Fraud

Count Three of Frasure's complaint alleges fraudulent misrepresentation. (D.N. 1-1, PageID # 11) A fraud claim consists of six elements: "(1) a material misrepresentation; (2) which is false; (3) known to be false or made recklessly; (4) made with inducement to be acted upon; (5) acted in reliance thereon; and (6) causing injury." *Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 733 (W.D. Ky. 2013) (citing *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)). A plaintiff who alleges fraud "must state with particularity the circumstances constituting fraud."[3] Fed. R. Civ. P. 9(b). The Sixth Circuit has interpreted this requirement to mean that "the 'complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Derby City Capital*, 949 F. Supp. 2d at 719 (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)).

Frasure makes a conclusory assertion that "State Farm materially misrepresented that the terms of the policy were what [she] had requested, coverage of her mobile home." (D.N. 1-1, PageID # 11) No such statement is mentioned in the complaint, however. Nor does the complaint identify the speaker, the time, or the place of the alleged misrepresentation. Again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of a motion to dismiss. *Iqbal*, 556 U.S. at 678. Because Frasure failed to allege sufficient facts in support of her fraudulent-misrepresentation claim, Count Three will be dismissed.

---

[3] The Court notes that although Frasure's complaint was originally filed in state court, it is subject to federal pleading standards. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 519 (E.D. Ky. 2015). In any event, Kentucky's Rules of Civil Procedure contain the same requirement. *See* Ky. R. Civ. P. 9.02.

### C.     Punitive Damages

In the absence of any viable underlying claims, Frasure may not pursue punitive damages. *See, e.g.*, *Anderson v. Old Nat'l Bancorp*, 675 F. Supp. 2d 701, 721 (W.D. Ky. 2009). As punitive damages are not available for Frasure's only remaining substantive claim of negligent misrepresentation, *see Morton v. Bank of the Bluegrass*, 18 S.W.3d 353, 358 (Ky. Ct. App. 1999), her punitive-damages claim will also be dismissed.

### D.     Request to Amend

Frasure requests leave to amend her complaint "to provide further factual support" in the event the Court finds her fraud claim deficient. (D.N. 7, PageID # 91)  She does not specify what additional facts she could offer in support of that claim, however, nor has she moved for leave to amend pursuant to Federal Rule of Civil Procedure 15.  "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)." *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)).  A plaintiff is "not entitled to an advisory opinion from the Court informing [her] of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id.* (emphasis removed) (quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)).  Frasure's request for leave to amend is therefore denied.

### III.    CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that State Farm's motion for partial dismissal (D.N. 6) is **GRANTED**. Counts One, Two, Three, and Five of Frasure's complaint are **DISMISSED**. Frasure's claim for punitive damages is likewise **DISMISSED**. This action will remain pending for adjudication of Count Four (negligent misrepresentation).

March 1, 2017

**David J. Hale, Judge**
**United States District Court**